ORIGINAL

FILED

09/21/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0423

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0423

JAMIE DENNY,

Plaintiff and Appellant,

v.

KIM KNOCK,

Defendant and Appellee.

FILED

SEP 21 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellee Kim Knock moves for dismissal of this appeal on the ground that it is not taken from a final, appealable order or judgment. Appellant Jamie Denny opposes the motion. In the alternative, Denny asks the Court to consider the District Court's order granting partial summary judgment under our discretionary authority for supervisory control or to stay the appeal while she seeks certification of the order from the District Court, which Knock opposes.

This action involves a landlord-tenant dispute resulting in Denny's eviction from Knock's property. The Sixth Judicial District Court granted Knock's motion for partial summary judgment on his claims for Eviction, Declaratory Judgment Quieting Title, and on Denny's counterclaims of Quiet Title and Action for Possession. The District Court's order awarded Knock possession, access, past due rents, and statutory treble damages. In addition, the District Court's Order provided for removal of *lis pendens* that Denny had allegedly filed. The District Court withheld judgment, however, on Knock's claim of Slander of Title and did not rule on Denny's amended claims for Unlawful Ouster and Unlawful or Unreasonable Entry. Denny filed her appeal on August 26, 2021, and vacated Knock's property on or about August 31, 2021, pursuant to the District Court's order.

Knock argues that orders granting partial summary judgment are not appealable under M. R. App. P. 6(5)(b). Knock contends the appeal should not proceed further because the

order is not certified as final for purposes of appeal as provided by M. R. App. P. 6(6) and M. R. Civ. P. 54(b). Denny does not appear to contest that the partial summary judgment order is not final but requests that, rather than dismissing her appeal, this Court either consider the order under our discretionary authority for supervisory control or stay the appeal while she seeks certification from the District Court. Denny contends that there is no just reason for delay and, because the order is a final determination of ownership of the real property, the rights and obligations have been ruled on in their entirety; as a result, she argues, the order should be certified as final.

When a trial court enters an order that does not settle all claims in controversy in an action, an appeal may not proceed unless and until the trial court directs entry of final judgment as to the interlocutory order and this Court has determined that the trial court's certification complies with M. R. Civ. P. 54(b) and Rule 6(6). Two of Denny's alternative claims and Knock's claim of Slander of Title are disputed claims that remain pending and render the District Court's order an interlocutory order within the meaning of M. R. App. P. 4(1)(b) and not subject to immediate appeal.

We find Knock's motion to dismiss well-taken. As an interlocutory order, without Rule 54(b) certification from the District Court, the court's partial summary judgment ruling is not properly before this Court on appeal. Additionally, pursuant to the Montana Rules of Appellate Procedure, a party first must seek a stay in the District Court, for which that court retains jurisdiction even during the pendency of an appeal. M. R. App. P. 22(1)(a)(i); 22(1)(c). Denny may not seek a stay from this Court without requesting that relief and obtaining a ruling from the trial court.

IT IS THEREFORE ORDERED that Knock's Motion to Dismiss is GRANTED and this appeal is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Denny's alternative Motion to Stay Appeal Pending Motion with District Court to Certify Summary Judgment as Final is DENIED.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court.

2

The Clerk is directed to provide copies of this Order to all counsel of record.

DATED this 21st day of September, 2021.

_____
Chief Justice


_____

_____

_____

_____
Justices